# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JACQUELINE E. STANFORD and                                    PLAINTIFFS
ROY STANFORD, SR.

V.                                                            NO. 4:18-CV-96-DMB-JMV

LIBERTY MUTUAL GROUP INC. a/k/a
Liberty Mutual Insurance, WARD J.
SIMPSON and JOHN DOE                                          DEFENDANTS

## ORDER

Before the Court is Liberty Mutual Group Inc.'s motion to sever and its motion to dismiss.

Doc. #15; Doc. #18.

## I
## Procedural History

On March 20, 2018, Jacqueline and Roy Stanford filed a complaint in the Circuit Court of

Bolivar County, Mississippi, against Liberty Mutual Group Inc., Ward J. Simpson, and "John

Doe." Doc. #2. The complaint alleges that the Stanfords were injured when their car was struck

by a vehicle driven by Simpson, an uninsured driver, and that Liberty Mutual, the insurer of the

Stanfords' vehicle, has wrongfully failed to pay uninsured driver benefits. *Id*. at ¶¶ 7, 18–19. A

copy of the summons and complaint was served on Liberty Mutual on March 26, 2018. Doc. #1-

1 at 1.

On April 25, 2018, Liberty Mutual, invoking diversity jurisdiction, removed the Stanfords'

state court action to this Court. Doc. #1. As grounds for the removal, Liberty Mutual alleged that

the amount in controversy exceeds $75,000; that it, a citizen of Massachusetts, is diverse from the

Stanfords, who are citizens of Mississippi; and that Simpson, another citizen of Mississippi, was

"fraudulently and/or egregiously misjoined as a Defendant and should be disregarded for purposes

of determining diversity jurisdiction." *Id*. at 1–2.  Specifically, Liberty Mutual argued that the Stanfords' "claim against Ward is distinct from their breach of contract and bad faith claims against Liberty." *Id*. at 3.

On June 5, 2018, United States Magistrate Judge Jane M. Virden ordered Liberty Mutual to show cause why this case should not be remanded for lack of jurisdiction.  Doc. #9; *see* Doc. #20.  Eight days later, on June 13, 2018, Liberty Mutual, citing 28 U.S.C. § 1446(b)(3), filed an "Amended and/or Supplement to Notice of Removal" which reasserts the argument that Simpson was fraudulently misjoined, and adds a new argument that Simpson's citizenship should be disregarded because Simpson was deceased when the original state court complaint was filed. Doc. #10 at 3–6.  Eight days later, Liberty Mutual filed  a motion seeking to sever Simpson from this action and remand those claims brought against him.  Doc. #15; Doc. #16.

On August 21, 2018, Liberty Mutual filed a motion to dismiss Simpson.  Doc. #18.  On August 28, 2018, Judge Virden stayed discovery and related proceedings pending resolution of the pending motions.  Doc. #20.

## II
## Analysis

Federal courts are "duty-bound to examine [their] subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).  In evaluating the existence of jurisdiction, this Court follows the rule that "[t]he party seeking the federal forum has the burden of establishing diversity jurisdiction." *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017).  Generally, jurisdiction in removal actions is determined by reference to the grounds raised in the notice of removal or a properly amended notice of removal. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) ("Where the notice fails to state a proper basis for removal, a defendant

generally will not be permitted to amend the notice after the close of the thirty day removal period."). Accordingly, this Court must resolve two questions—which of Liberty Mutual's two notices of removal is operative, and whether the operative notice of removal establishes jurisdiction.

## A. Operative Notice of Removal

Under 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal "within 30 days after … receipt … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Additionally, if

> the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Generally, "[w]ithin the [initial] thirty-day period prescribed by § 1446(b), a defendant may freely amend its notice of removal." *Blakeley v. United Cable Sys.*, 105 F.Supp.2d 574, 578 (S.D. Miss. 2000). Once this time period has passed, "a party may not amend its removal notice … to assert a new ground for removal." *Davis v. Life Investors Ins. Co. of Am., Inc.*, 214 F.Supp.2d 691, 693 (S.D. Miss. 2002).

In this case, Liberty Mutual argues its amendment, which asserts a new ground for removal based on Simpson's death, was proper because it was filed within thirty days from the day it received Simpson's obituary—May 14, 2018. Doc. #10 at ¶¶ 11–12. This Court has not found a case addressing the propriety of adding a jurisdictional ground which existed prior to removal but was not discovered until after the close of the initial thirty-day window. However, it is undisputed that a defendant is entitled to amend a notice of removal to add a new "ground for removal/federal jurisdiction [which] *first arose* while the case was pending in federal court after expiration of the

thirty-day time limit for removal." *Davis*, 214 F.Supp.2d at 693 (emphasis added); *see In re Pharm. Indus. Average Wholesale Price*, 509 F.Supp.2d 82, 95 (D. Mass. 2007) (relying on *Davis* to allow new substantive allegations). Furthermore, insofar as the removal statute grants a right to remove based on the *discovery*, rather than the existence, of grounds for removal,[1] this Court sees no reason to distinguish between a ground for removal which arose after removal and a ground which was discovered, within the meaning of the statute, after removal. Accordingly, the Court concludes that Liberty Mutual's amended notice of removal, which was filed within thirty days of the discovery of Simpson's death, was timely and proper.

## B. Existence of Jurisdiction

Where, as here, subject-matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, and "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (alteration omitted). There is no dispute that complete diversity in this action depends on whether Simpson's Mississippi citizenship is considered or disregarded.

In this regard, Liberty Mutual's amended notice of removal argues that Simpson's citizenship should be disregarded under the theory of fraudulent joinder because Simpson, who was deceased at the time the complaint was filed, lacked the capacity to be sued. Doc. #10 at 4–5. Under the doctrine of fraudulent joinder (also known as improper joinder), a court may disregard a non-diverse defendant's citizenship when the removing defendant "has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[T]o determine whether an

---

[1] *See* 28 U.S.C. § 1446(b)(3).

in-state or non-diverse defendant was properly joined, the court may conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the defendant." *Alviar*, 854 F.3d at 289 (quotation marks and alterations omitted).

"[A] Rule 12(b)(6) motion is a proper vehicle for seeking dismissal of claims on behalf of a defendant for lack of procedural capacity to be sued." *Steele v. Police Dep't of Oakdale*, No. 1:08-cv-1947, 2010 WL 816177, at *2 (W.D. La. Mar. 9, 2010) (collecting cases). The capacity of an individual to sue or be sued is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). There is no dispute that Simpson was domiciled in Mississippi or that, under Mississippi law, "litigation is not to be carried on by or against any deceased person." *Owen v. Abraham*, 102 So.2d 372, 372 (Miss. 1958). Accordingly, the Court concludes that Simpson was fraudulently joined and that, therefore, his citizenship is properly disregarded. Having reached this conclusion, the Court finds that diversity jurisdiction exists over this action.[2] *See Jerido v. Am. Gen. Life & Acc. Ins. Co.*, 127 F.Supp.2d 1322, 1326 (M.D. Ala. 2001) ("Since it is apparently conceded that Ralph Harris was deceased at the time the Complaint was filed, Ralph Harris has been fraudulently joined ….").

### C. Motions

Once a court has found fraudulent joinder, it may sever the non-diverse defendant and remand those claims. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F.Supp.2d 590, 592 (E.D. Ky. 2011). Because this Court has found that Simpson was fraudulently joined, it will grant

---

[2] The Court expresses no opinion as to whether this action should be remanded in the event Simpson's estate is added as a party. *See* 28 U.S.C. § 1447(e).

Liberty Mutual's motion to sever and remand the claims against Simpson. Accordingly, Liberty Mutual's motion to dismiss those claims will be denied.

### III
### Conclusion

For the reasons above, Ward Simpson was fraudulently joined as a defendant in this action. Therefore, Liberty Mutual's motion to sever and remand the claims against Simpson [15] is **GRANTED**. The claims against Simpson are **SEVERED** and **REMANDED** to the Circuit Court of Bolivar County, Mississippi. Liberty Mutual's motion to dismiss [18] is **DENIED**.

**SO ORDERED**, this 22nd day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**